UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T Kentucky,<br><br>     **Plaintiff,**<br><br>V.<br><br>SERENITY, INC. d/b/a Five D'S Communications,<br><br>     **Defendant.** | CIVIL ACTION NO. 5:14-139-KKC<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This is a fundamental breach of contract case—plaintiff asserts that there was a valid contract between the parties, that the plaintiff performed under the contract, that the defendant failed to perform, and that the plaintiff has suffered loss. Plaintiff moved for summary judgment. (DE 21). Defendant did not respond to Plaintiff's motion. The Court, having reviewed the motion and all record evidence in this case, will grant Plaintiff's motion for summary judgment.

I. BACKGROUND

Plaintiff BellSouth Telecommunications, LLC doing business as AT&T Kentucky ("AT&T Kentucky") entered into two contracts with Defendant Serenity, Inc. doing business as Five D's Communications ("Serenity")—an interconnection agreement and a separate commercial agreement. (DE 21-2 ICA Agreement at 25; DE 21-4 Admissions at 2; DE 21-7 Commercial Agreement at 46.) AT&T Kentucky then provided services to Serenity pursuant to the terms of the two contracts. (DE 21-5 Decl. of David Egan at ¶ 5.) Serenity has not paid-in-full for AT&T Kentucky's services; Serenity owes $166,246.38 under the

interconnection agreement and $24,519.15 under the separate commercial agreement. (DE 21-5 Decl. of David Egan at 2, 4, 18.)

## II. BREACH OF CONTRACT

Pursuant to the contracts between AT&T Kentucky and Serenity, the interconnection agreement is governed by Georgia law and the separate commercial agreement is governed by Kentucky law. (DE 21-2 ICA Agreement at 19; DE 21-7 Commercial Agreement at 37–38.) The elements of a breach-of-contract claim are the same under the laws of both Georgia and Kentucky. *J'Carpc, LLC v. Wilkins*, 545 F. Supp. 2d 1330, 1339 (N.D. Ga. 2008); *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007) (citing *Lenning Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001); *Strong v. Louisville & Nashville R. Co.*, 43 S.W.2d 11, 13 (Ky. 1931)) ("The elements of a breach of contract are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss to plaintiff.").

AT&T Kentucky and Serenity entered into valid contracts. (DE 21-2 ICA Agreement at 25; DE 21-4 Admissions at 2; DE 21-7 Commercial Agreement at 46.) Serenity breached these contracts. (DE 21-5 Decl. of David Egan at 2, 4, 18.) And as a result, AT&T Kentucky has suffered a loss of non-payment of $190,765.53. (DE 21-5 Decl. of David Egan at 4, 18.) As a matter of law, AT&T Kentucky has established Serenity's breach of contract and the loss suffered. *JCarpc, LLC*, 545 F. Supp. 2d at 1339; *Sudamax*, 516 F. Supp. 2d at 845.

## III. PREJUDGMENT INTEREST

Additionally, AT&T Kentucky claims that, because the damages are "liquidated," AT&T Kentucky is entitled to prejudgment interest. (DE 21-1 Mot. for Summ. J. at 6.) Under both Georgia and Kentucky law, liquidated claims are entitled to prejudgment interest as a matter of right. *Hale v. Life Ins. Co. of N. Am.*, 765 F.2d 22, 24 (6th Cir. 1986);

*Crisler v. Haugabook*, 706 S.E.2d 184, 185 (Ga. Ct. App. 2011). A liquidated claim exists when the amount of the claim is a "sum certain." *Hale*, 765 F.2d at 24. "Common examples [of a sum certain include] a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991).

Serenity has failed to pay a fixed contract price. (*See* DE 21-5 4–20.) The amount due is a sum certain; therefore, AT&T Kentucky is entitled to prejudgment interest. *Hale*, 765 F.2d at 24; *Crisler*, 706 S.E.2d at 185. Accordingly, the interconnection agreement—governed by Georgia law—is entitled to prejudgment interest at a rate of seven percent (7%) per annum simple interest, Ga. Code § 7-4-2, and the separate commercial agreement—governed by Kentucky law—is entitled to prejudgment interest at a rate of eight percent (8%) per annum, KRS § 360.010(1).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 21) is **GRANTED**; and

2. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated June 12, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY