UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **BELLSOUTH TELECOMMUNICATIONS, LLC (d/b/a AT&T Kentucky),** <br><br>　　**Plaintiff,**<br><br>V.<br><br>**SERENITY, INC.,**<br><br>　　**Defendant.** | CIVIL NO. 5:14-139-KKC-REW<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defense counsel's motion to withdraw as counsel for Serenity, Inc. (DE 29), plaintiff BellSouth Telecommunications, LLC's motion to re-open the case and to permit it to file a third-party complaint (DE 26), and BellSouth's motion for a status conference (DE 30). Each motion will be addressed separately.

### I. Defense counsel's motion to withdraw

First, the Court will grant defense counsel's motion to withdraw as counsel for Serenity. (DE 29). As reason for his motion, defense counsel states that his representation ended with the close of the case. (*See* DE 22, Opinion and Memorandum granting summary judgment for plaintiff; DE 23, Judgment).

Local Rule 83.6 provides the circumstances under which an attorney of record may withdraw from a case. Applicable here is section (b), which permits an attorney to withdraw if the attorney has filed a motion, certified that the motion was served on the client, and makes a showing of good cause. In this instance, the Court can consent to the withdrawal on whatever terms the Court chooses to impose. LR 83.6(b). Here, defense counsel has complied with the local rule, and his motion to withdraw can thus be granted.

1

## II. BellSouth's motions

In its first motion, BellSouth has asked the Court to reopen this case and to permit it to file a third-party complaint. (DE 26).

BellSouth brought this action against Serenity for breach of contract (DE 1), and this Court granted BellSouth's motion for summary judgment (DE 22). In a separate judgment, this Court ordered that BellSouth was entitled to recover damages from Serenity.

BellSouth cites Federal Rules of Civil Procedure 7 and 15 as supporting is motion, but it does not explain how those rules apply. Further, BellSouth does not address Federal Rule of Civil Procedure 69(a)(1), which governs executions of money judgments. That rule states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

Much of the case law focuses on whether a court has ancillary jurisdiction over matters brought in an attempt to collect on a previous money judgment rendered by a federal court. The Supreme Court has recognized "the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Moreover, the Supreme Court has approved of "the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments— including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.*

However, the Supreme Court has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay on an existing federal judgment on a person not already liable for that judgment." *Id.* at 357. The Supreme Court has further

cautioned against the exercise of ancillary jurisdiction in proceedings that are entirely new and original or where the relief sought is of a different kind or on a different principle than that of the prior decree. *Id.*

Here, the liability of Serenity to BellSouth for breach of contract was established by the opinion granting BellSouth's motion for summary judgment. What has not been established is the liability of the individuals whom BellSouth seeks to file a third-party complaint against.

Accordingly, it is hereby **ORDERED** that:

(1) Defense counsel's motion to withdraw as attorney (DE 29) is **GRANTED**;

(2) BellSouth **SHALL RESPOND** in writing by **February 9, 2017** as to whether its motion to reopen the case and to file a third-party complaint (DE 26) is the proper method by which it should seek relief; and

(3) BellSouth's motion for a status conference is **GRANTED** and shall be set for **March 9, 2017 at 10:30 a.m.**

Dated January 26, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY